**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ALYSSA ROBERTS**, Individually and For Others Similarly Situated, | **Case No. 4:25-cv-1340** |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **FAM HOSPITALITY GROUP, LLC,** | COLLECTIVE ACTION PURSUANT |
| Defendant. | TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Plaintiff Alyssa Roberts (Roberts) brings this lawsuit to recover unpaid tips and other damages from FAM Hospitality Group, LLC (FAM Hospitality) under the Fair Labor Standards Act (FLSA).

2.      FAM Hospitality operated a mandatory tip pool.

3.      FAM Hospitality allowed managers and supervisors to keep a portion of Roberts and the Tipped Workers' tips in violation of 29 U.S.C. § 203(m)(2)(B).

4.      Roberts brings this collective action to recover the unpaid tips and other damages owed to her and to other Tipped Workers.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

7.      FAM Hospitality is headquartered in Harris County, Texas.

### THE PARTIES

8.　Roberts worked for FAM Hospitality from approximately April 2024 until March 2025 as a bartender.

9.　Roberts's consent to be a party plaintiff is attached as **Exhibit 1**.

10.　The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All bartenders and servers who worked for FAM Hospitality and were subject to its mandatory tip pool at any time in the past three (3) years (the "Tipped Workers").**

11.　The identities of the Tipped Workers can be readily ascertained from FAM Hospitality's records.

12.　FAM Hospitality Group, LLC is a Texas Limited Liability Corporation headquartered in Houston, Texas and may be served with process by serving its registered agent: David Phan, 10106 Barr Lake Dr., Houston, Texas 77095.

### COVERAGE UNDER THE FLSA

13.　At all times hereinafter mentioned, FAM Hospitality was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.　At all times hereinafter mentioned, FAM Hospitality was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.　At all relevant times, FAM Hospitality has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

16.　At all relevant times, FAM Hospitality has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

2

17.     In each of the past 3 years, FAM Hospitality's annual gross volume of sales has well exceeded $500,000 for at least the past 3 years.

18.     At all relevant times, Roberts and the Tipped Workers were engaged in commerce or in the production of goods for commerce.

### THE FACTS

19.     FAM Hospitality operates restaurants and provides bartending services throughout Texas and Colorado.

20.     FAM Hospitality employs bartenders and servers to provide services to its patrons.

21.     Roberts was employed as a bartender by FAM Hospitality from April 2024 until March 2025.

22.     Roberts was not a management or supervisory employee of FAM Hospitality.

23.     Roberts received tips for her work.

24.     The Tipped Workers are current and former bartenders and servers employed by FAM Hospitality.

25.     The Tipped Workers received tips for their work.

26.     The Tipped Workers were not management or supervisory employees of FAM Hospitality.

27.     FAM Hospitality operates a mandatory tip pool at its bars or restaurants, including at its bars located at the POST Houston location in downtown Houston, Texas.

28.     FAM Hospitality records all cash and credit card tips that its employees earn at the end of the workday.

29.     FAM Hospitality records all hours worked by its managers, supervisors, and employees at the end of the day.

30. FAM Hospitality pays its managers and supervisors a portion of the tips received that workday.

31. FAM Hospitality thus allows managers or supervisors to keep a portion of its Tipped Workers' tips through the mandatory tip pool.

32. For example, on the workweek beginning on February 24, 2025, FAM Hospitality paid at least one manager or supervisor cash tips received at the conclusion of at least four workdays.

33. On the workweek beginning on March 3, 2025, FAM Hospitality paid at least one manager or supervisor cash tips received at the conclusion of at least two workdays.

34. Roberts and the Tipped Workers were subject to FAM Hospitality's tip pool practices and suffered the loss of tips as a result of those practices.

35. FAM Hospitality knew its managers or supervisors kept a portion of its Tipped Workers' tips through the mandatory tip pool.

36. FAM Hospitality knew, or showed reckless disregard for, whether the Tipped Workers received all tips under the mandatory tip pool.

37. FAM Hospitality willfully violated the FLSA.

### CAUSES OF ACTION
### FLSA VIOLATIONS

38. Roberts incorporates all previous paragraphs.

39. Roberts was subjected to FAM Hospitality's mandatory tip pool.

40. FAM Hospitality allows managers or supervisors to keep a portion of Roberts and the Tipped Workers' tips in violation of 29 U.S.C. § 203(m)(2)(B).

41. FAM Hospitality owes Roberts and the tipped workers the tips unlawfully paid to its managers or supervisors in the past three years.

42. FAM Hospitality knew, or showed reckless disregard for whether, its conduct violated the FLSA.

43.     Roberts and those similarly situated to her are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COLLECTIVE ACTION ALLEGATIONS**

44.     Roberts incorporates all previous paragraphs and alleges that the illegal pay practices FAM Hospitality imposed on Roberts were likewise imposed on the Tipped Workers.

45.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

46.     Numerous other individuals who worked with Roberts indicated they were paid in the same manner, performed similar work, and were not properly compensated for all tips earned as required by state and federal wage laws.

47.     Based on her experiences and tenure with FAM Hospitality, Roberts is aware that FAM Hospitality's illegal practices were imposed on the Tipped Workers.

48.     FAM Hospitality's unlawful payment of tips to its managers or supervisors is the result of generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Tipped Workers.

49.     Roberts's experiences are therefore typical of the experiences of the Tipped Workers.

50.     The specific job titles or precise job locations of the Tipped Workers do not prevent class or collective treatment.

51.     Roberts has no interests contrary to, or in conflict with, the Tipped Workers. Like each Tipped Worker, Roberts has an interest in obtaining the unpaid tips owed to her under federal law.

52.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

53. Absent this action, many Tipped Workers likely will not obtain redress of their injuries and FAM Hospitality will reap the unjust benefits of violating the FLSA and applicable state labor laws.

54. Furthermore, even if some of the Tipped Workers could afford individual litigation against FAM Hospitality, it would be unduly burdensome to the judicial system.

55. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

56. The questions of law and fact common to the Tipped Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a. Whether the Tipped Workers participated in a mandatory tip pool;

      b. Whether FAM Hospitality paid its managers or supervisors tips earned through the mandatory tip pool;

      c. Whether FAM Hospitality's payment of tips to its managers or supervisors was made in good faith;

      d. Whether FAM Hospitality's violation of the FLSA was willful; and

      e. Whether FAM Hospitality's illegal pay practices were applied uniformly to all Tipped Workers.

57. Roberts's claims are typical of the claims of the Tipped Workers. Roberts and the Tipped Workers sustained damages arising out of FAM Hospitality's illegal and uniform employment policy.

58. Roberts knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

59.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

### JURY DEMAND

60.    Roberts demands a trial by jury

### PRAYER

61.    WHEREFORE, Roberts prays for judgment against FAM Hospitality as follows:

a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order pursuant to Section 16(b) of the FLSA finding FAM Hospitality liable for unpaid tips due to Roberts and the Tipped Workers for liquidated damages equal in amount to their unpaid compensation;

c.    For an Order awarding Roberts and the Tipped Workers their reasonable attorneys' fees and expenses as provided by the FLSA;

d.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 21, 2025.

Respectfully submitted,

By:  */s/ Carl A. Fitz*
    **Carl A. Fitz**
    Tex. State Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**Attorney for Plaintiff**

8