**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALYSSA ROBERTS, Individually and For Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 4:25-cv-01340** |
| **FAM HOSPITALITY GROUP, LLC,** | § § § | |
| **Defendant.** | § § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant FAM Hospitality Group, LLC[1] files its Answer and Affirmative and Other Defenses to Plaintiff Alyssa Roberts' Original Complaint ("Complaint").

### SUMMARY

1.      Defendant admits that Plaintiff brings this lawsuit alleging unpaid tips and other damages under the Fair Labor Standards Act ("FLSA"), but expressly denies it violated the FLSA.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations in Paragraph 3.

4.      Defendant admits only that Plaintiff purports to bring this collective action for unpaid tips and other damages, but denies that it engaged in any unlawful conduct and/or that Plaintiff or "Tipped Workers" are entitled to any relief whatsoever. Further, Defendant is without knowledge or information sufficient to form a belief as to the identity of "Tipped Workers" and on that basis denies the remaining allegations in Paragraph 4 of the Complaint.

---

[1] Plaintiff has either misidentified or otherwise misnamed the Defendant. To the extent that Plaintiff names FAM Hospitality Group, LLC as her employer, Plaintiff has misidentified her employer. FAM Hospitality Group (not an LLC) is the dba of FAM Hospitality Group TX, LLC.

**JURISDICTION AND VENUE**

5.    Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.    Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

7.    Defendant admits that it is headquartered in Harris County, Texas.

**THE PARTIES**

8.    Defendant denies the allegations in Paragraph 8 of the Complaint.

9.    Defendant admits that a document purporting to be Plaintiff's consent is attached to the Complaint. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis deny the allegations in Paragraph 10 of the Complaint. Except as expressly admitted, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations in Paragraph 12 of the Complaint.

**COVERAGE UNDER THE FLSA**

13.    Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    Defendant denies the allegations in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

## THE FACTS

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

**CAUSES OF ACTION**
**FLSA VIOLATIONS**

38.    Defendant reasserts and incorporates its responses to Plaintiff's allegations contained in all previous paragraphs herein.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint. Further, Defendant denies that it engaged in any unlawful conduct and/or that Plaintiff or "tipped workers" are entitled to any relief whatsoever.

42.    The allegations in Paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43.    Defendant denies that it engaged in any unlawful conduct and/or that Plaintiff or "those similarly situated" are entitled to any relief whatsoever. Defendant is without knowledge or information sufficient to form a belief as to the identity of those "similarly situated" and on that basis denies the allegations in Paragraph 43 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

44.    Defendant reasserts and incorporates its responses to Plaintiff's allegations contained in all previous paragraphs herein. Further, Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 44 of the Complaint.

45.    Defendant is without knowledge or information sufficient to form a belief as to the identity of "numerous individuals" and on that basis denies the allegations in Paragraph 45 of the Complaint. Further, the allegation in Paragraph 45 of the Complaint is a legal conclusion to which

4

no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     Defendant is without knowledge or information sufficient to form a belief as to identity of "numerous other individuals" and on that basis denies the allegations in Paragraph 46 of the Complaint. Further, the allegation in Paragraph 46 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Defendant denies that it engaged in "illegal practices." Further, Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies that it engaged in "unlawful" conduct. Further, Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 49 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any "Tipped Workers" she purports to represent, that this lawsuit is suitable for collective treatment, and that Plaintiff meets the necessary requirements to bring a collective action or act as a representative.

50.     Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in

5

Paragraph 50 of the Complaint. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 51 of the Complaint. Further, the allegations in Paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 52 of the Complaint. Further, the allegations in Paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 53 of the Complaint. Further, the allegations in Paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53. Defendant further denies that it engaged in any unlawful conduct.

54.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 54 of the Complaint. Further, the allegations in Paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.    Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 56 of the Complaint. Further, the allegations in Paragraph 56 and its subparts (a)-(e)of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57.    Defendant denies it engaged in unlawful conduct and that Plaintiff or "Tipped Workers" are entitled to any relief whatsoever. Further, Defendant is without knowledge or information sufficient to form a belief as to the identity of the group identified as "Tipped Workers" and on that basis denies the allegations in Paragraph 57 of the Complaint.

58.    The allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59.    The allegations in Paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

### JURY DEMAND

60.    Defendant acknowledges Plaintiff makes a demand for a jury, but denies the allegations suggest that Plaintiff is entitled to a jury trial on any or all issues.

### PRAYER

61.    Defendant is not required to affirm or deny Plaintiff's prayer for relief but affirmatively states there are no grounds in fact or law that warrant the granting of the relief Plaintiff seeks in the Complaint.  To the extent a response is required, Defendant denies Plaintiff is entitled to any of the relief requested in her prayer and its subparts, or any relief at all.

### GENERAL DENIAL

Any allegations not specifically admitted, explained, or modified herein are denied.

### AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden. Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pled in the alternative.

### FIRST DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state sufficient facts to constitute a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff and/or some or all members of the alleged putative class/collective were paid all wages due in accordance with the terms and conditions of their employment and the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, *et. seq*.

### THIRD DEFENSE

Plaintiff and/or some or all of the purported collective and/or class members' claims are barred to the extent such claims were settled with Defendant and/or were waived or released by Plaintiff and/or some or all of the purported collective and/or class members.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff or any of the individuals Plaintiff seeks to represent agreed to submit their claims to binding arbitration.

8

**FIFTH DEFENSE**

Any alleged violations of the FLSA were not willful and, therefore, any claims for damages by Plaintiff and/or some or all of the purported collective and/or class members that occurred more than two years prior to the date the Complaint was filed or the date any similarly situated employee opts-in to this civil action are barred by the two-year statute of limitations provided in 29 U.S.C. § 255.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written and unwritten administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor (29 U.S.C. § 259). This defense also may apply to the claims of some or all putative class or collective members.

**SEVENTH DEFENSE**

Plaintiff cannot establish or satisfy the requirements for class certification because, among other things, (1) Plaintiff is unable to meet the requirements of numerosity, typicality, and commonality, (2) individual questions of law or fact predominate over any common questions, and (3) a class action is not superior to other available methods for fairly and efficiently adjudicating the claims of putative class members.

**EIGHTH DEFENSE**

Plaintiff may not recover any damages or other relief to the extent such relief is duplicative. This defense may also apply to the claims or some or all putative class or collective members.

## NINTH DEFENSE

Liability and/or damages, if any, to each member of the putative class or collective may not be determined on a group-wide basis based on representative discovery and permitting this action to proceed as a class or collective action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution and any applicable provision of the Texas constitution.

## TENTH DEFENSE

Any claim for treble damages is barred in whole or in part because a *bona fide* dispute exists as to whether any wages are due and owing to Plaintiff and/or some or all members of the alleged putative classes/collective.

## ELEVENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, cannot be maintained against Defendant because the alleged losses or harms sustained, if any, resulted from the acts or omissions of Plaintiff and/or some or all members of the alleged putative classes/collective.

## TWELFTH DEFENSE

There are no employees who are similarly situated to Plaintiff. The Complaint, and each and every cause of action set forth therein as a collective or class action, fails because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, such collective or class treatment, and/or a collective or class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint. If the Court conditionally certifies a collective in this case over Defendant's objections, then Defendant asserts the additional defenses set forth herein against each and every member of the certified collective.

10

## THIRTEENTH DEFENSE

Plaintiff and some or all of the putative collective action or class action members' claims are barred, in whole or in part, because they were not employees of Defendant, under the FLSA or Texas law, during at least some of the time period relevant to the claims asserted by Plaintiff in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's counsel cannot fairly and adequately protect the interests of the class.

## FIFTEENTH DEFENSE

Plaintiff, or anyone else who joins this lawsuit, or any putative collective action or class action member who filed claims for bankruptcy and failed to list any of these claims against Defendant as a potential asset in their bankruptcy filings is barred from pursuing their claims against Defendant under the doctrines of judicial estoppel and/or unclean hands.

## SIXTEENTH DEFENSE

The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred in whole or in part, to the extent that any activities that Plaintiff and/or the individuals Plaintiff seeks to represent may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

## SEVENTEENTH DEFENSE

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and the applicable statute of limitations. This defense may also apply to the claims or some or all of the class of allegedly similarly situated individuals.

**EIGHTEENTH DEFENSE**

Assuming, *arguendo*, that defendant violated any provision of the FLSA (which they did not) such violation was not pursuant to a uniform policy or plan. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, and procedure promulgated and tolerated by Defendant. This defense may also apply to the claim of some or all of the class of allegedly similarly situated individuals.

**NINETEENTH DEFENSE**

Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of her stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated individuals.

**TWENTIETH DEFENSE**

Certain of the interests of the alleged putative group that Plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

**TWENTY-FIRST DEFENSE**

In calculating liability (if any), Defendant is entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendant, or overpayments made to Plaintiff and/or some or all members of the alleged putative class/collective for work performed.

**TWENTY-SECOND DEFENSE**

Defendant alleges that Plaintiff's claims are barred to the extent Plaintiff qualifies as exempt from overtime wages under the FLSA. This defense may also apply to the claims of some or all putative class or collective members.

12

## TWENTY-THIRD DEFENSE

Plaintiff and/or some or all of the purported collective and/or class members' claims are barred to the extent such claims were settled with Defendant and/or were waived or released.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because the regulatory framework relied upon by Plaintiff is not supported by the statutory text of the FLSA and therefore were improperly promulgated.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims rely on temporary provisions of the Consolidated Appropriations Act of 2018 which were no longer enforceable upon their expiration.

\*\*\*

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Dated:  May 16, 2025                                    Respectfully submitted,

*Of Counsel:*

N. Brenda Adimora                                      /s/ David B. Jordan
Texas Bar No. 24109563                                 David B. Jordan *(Attorney-in-Charge)*
Federal I.D. No. 3805266                               Texas Bar No. 24032603
badimora@littler.com                                   Federal I.D. No. 40416
LITTLER MENDELSON, P.C.                                djordan@littler.com
1301 McKinney Street, Suite 1900                       LITTLER MENDELSON, P.C.
Houston, Texas 77010                                   1301 McKinney Street, Suite 1900
Telephone:    713.951.9400                             Houston, Texas 77010
Facsimile:    713.951.9212                             Telephone:    713.951.9400
                                                       Facsimile:    713.951.9212

**ATTORNEYS FOR DEFENDANT
FAM HOSPITALITY GROUP TX, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, a copy of the foregoing document has been electronically filed with the Court, and served on the following by CM/ECF:

Carl A. Fitz
Fitz Law PLLC
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
carl@fitz.legal

***Attorney for Plaintiff***

/s/ N. Brenda Adimora
David B. Jordan
N. Brenda Adimora

4924-5911-4301.4 / 117739.1002

14